Nos. 25-1628 & 25-1629

# United States Court of Appeals
# for the Federal Circuit

PANTECH CORPORATION, PANTECH WIRELESS, LLC,

Plaintiffs-Cross-Appellants

v.

ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,

Defendant-Appellant

———————————————

On Appeal from the United States District Court for the Eastern
District of Texas, No. 5:22-cv-00069, Hon. Robert Schroeder III

———————————————

## DEFENDANT-APPELLANT'S MOTION TO WAIVE
## CONFIDENTIALITY REQUIREMENTS

———————————————

Brian Bieluch
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
(424) 332-4798
bbieluch@cov.com

Ruixue Ran
COVINGTON & BURLING LLP
2301 Tower C Yintai Centre
2 Jianguomenwai Avenue
Beijing, China 100022
+86 (10) 5910 0511
rran@cov.com

Richard L. Rainey
    *Principal Counsel*
Kevin B. Collins
Peter A. Swanson
Matthew Kudzin
Justin W. Burnam
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
rrainey@cov.com
kcollins@cov.com
pswanson@cov.com
mkudzin@cov.com
jburnam@cov.com

July 24, 2025

*Counsel for Defendant-Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 25-1628 & 25-1629 |
| **Short Case Caption** | Pantech Corporation v. OnePlus Technology (Shenzhen) C⊞ |
| **Filing Party/Entity** | OnePlus Technology (Shenzhen) Co., Ltd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/24/2025

Signature:  /s/ Richard L. Rainey

Name:  Richard L. Rainey

**FORM 9. Certificate of Interest**

| **1. Represented Entities.**<br>Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.**<br>Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.**<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| OnePlus Technology (Shenzhen) Co., Ltd. | Guangdong OPPO Mobile Telecommunications Corp., Ltd. | N/A |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☑ Additional pages attached

| Leydig, Voit & Mayer, Ltd. | David M. Airan | Paul J. Filbin |
| | Pei Chen | Christopher James Gass |
| | Leonard Z. Hua | Nicole E. Kopinski |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| N/A | | |
| | | |

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**<u>CERTIFICATE OF INTEREST</u>**

**Case Number** 25-1628 & 25-1629

**Short Case Caption** Pantech Corporation v. OnePlus Technology (Shenzhen) Co

**Filing Party/Entity** OnePlus Technology (Shenzhen) Co., Ltd.

---

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

| | | |
|---|---|---|
| Leydig, Voit & Mayer, Ltd. | Wesley O. Mueller | James Sanner |
| | Michael J. Schubert | John K. Winn |
| | Robert T. Wittmann | |
| Mann, Tindel & Thompson | Gregory Blake Thompson | |
| | Andy Tindel | |
| The Mann Firm | James Mark Mann | |

iv

Pursuant to Federal Circuit Rule 25.1(d)(3), Defendant-Appellant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") moves to waive the confidentiality requirements of Federal Circuit Rule 25.1(d)(1)(A) to permit OnePlus to redact a total of 307 unique words in its opening brief.

As explained in OnePlus's opening brief, Plaintiffs do not own four of the patents (the "challenged patents") asserted in this case. The actual owners licensed the patents to certain third parties. The licenses include provisions that limit the assignability of the challenged patents. Because Plaintiff-Cross-Appellant Pantech Corp. failed to comply with those provisions, the attempted assignments to Pantech Corp. are null and void.

The licenses are confidential and have not been made public. The district court entered a protective order limiting the disclosure of confidential information. Appxi. The licenses were produced in this case as a result of third-party subpoenas, and the producing parties designated the licenses as "Restricted – Attorneys' Eyes Only" under the protective order. Appx42685; Appx42784. Pursuant to the protective order, the district court granted the parties' motion to seal documents in which the licenses were discussed, including OnePlus's motion to dismiss

for lack of standing. The district court also redacted the language of the licenses from the public versions of its orders. Appx49568.

There is good cause for this motion. The anti-assignment provisions of the licenses are central to OnePlus's argument that Plaintiffs lack constitutional standing to assert the challenged patents. Plaintiffs opposed the motion to dismiss based on specific warrants and representations in the licenses. The district court's order denying OnePlus's motion to dismiss relied on specific language of those, and other, provisions in the licenses. Therefore, OnePlus's "argument cannot be properly developed without" discussing the language of the licenses. Fed. Cir. R. 25.1(d)(3)(A). Of the 307 words that OnePlus seeks to redact, 259 words are direct quotations of the disputed provisions of the licenses.

Another 33 words are a single quotation from a settlement agreement that Plaintiffs' damages expert relied upon. The quotation is necessary to demonstrate the error in the expert's proffered royalty rate. The remaining 15 words are related to the licenses and licensees.

The only information that OnePlus seeks to redact is either (a) information from the third-party licenses or (b) licensing and settlement

information designated confidential by Plaintiffs-Cross-Appellants. OnePlus does not seek to redact any of its own confidential information.

Plaintiffs-Cross-Appellants do not oppose this motion.

\* \* \* \* \*

For the foregoing reasons, OnePlus respectfully requests that the Court waive the confidentiality requirements of Federal Circuit Rule 25.1(d)(1)(A) and order that the redacted version of OnePlus's opening brief be accepted for filing as tendered.

Dated: July 24, 2025

/s/ *Richard L. Rainey*

Richard L. Rainey
Kevin B. Collins
Peter A. Swanson
Matthew Kudzin
Justin W. Burnam
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
rrainey@cov.com
kcollins@cov.com
pswanson@cov.com
mkudzin@cov.com
jburnam@cov.com

Brian Bieluch
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
(424) 332-4798
bbieluch@cov.com

Ruixue Ran
COVINGTON & BURLING LLP
2301 Tower C Yintai Centre
2 Jianguomenwai Avenue
Beijing, China 100022
+86 (10) 5910 0511
rran@cov.com

*Counsel for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and contains 423 words.

I certify that the motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the motion has been composed in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook font.

/s/ *Richard L. Rainey*
Richard L. Rainey
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
rrainey@cov.com