NON-CONFIDENTIAL

Nos. 25-1628 & 25-1629

# United States Court of Appeals for the Federal Circuit

PANTECH CORPORATION, PANTECH WIRELESS, LLC,

Plaintiffs-Cross-Appellants

v.

ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,

Defendant-Appellant

On Appeal from the United States District Court for the Eastern District of Texas, No. 5:22-cv-00069, Hon. Robert Schroeder III

## DEFENDANT-APPELLANT'S CORRECTED MOTION TO WAIVE CONFIDENTIALITY REQUIREMENTS

Brian Bieluch
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
(424) 332-4798
bbieluch@cov.com

Ruixue Ran
COVINGTON & BURLING LLP
2301 Tower C Yintai Centre
2 Jianguomenwai Avenue
Beijing, China 100022
+86 (10) 5910 0511
rran@cov.com

Richard L. Rainey
   *Principal Counsel*
Kevin B. Collins
Peter A. Swanson
Matthew Kudzin
Justin W. Burnam
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
rrainey@cov.com
kcollins@cov.com
pswanson@cov.com
mkudzin@cov.com
jburnam@cov.com

August 8, 2025

*Counsel for Defendant-Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---:|---|
| **Case Number** | 25-1628 & 25-1629 |
| **Short Case Caption** | Pantech Corporation v. OnePlus Technology (Shenzhen) C⊞ |
| **Filing Party/Entity** | OnePlus Technology (Shenzhen) Co., Ltd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/08/2025          Signature:    /s/ Richard L. Rainey

                          Name:        Richard L. Rainey

i

FORM 9. Certificate of Interest

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. <br><br> ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. <br><br> ☑ None/Not Applicable |
| OnePlus Technology (Shenzhen) Co., Ltd. | Guangdong OPPO Mobile Telecommunications Corp., Ltd. | N/A |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

ii

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable            ☑  Additional pages attached

| | | |
|---|---|---|
| Leydig, Voit & Mayer, Ltd. | David M. Airan | Paul J. Filbin |
| | Pei Chen | Christopher James Gass |
| | Leonard Z. Hua | Nicole E. Kopinski |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)      ☐  No      ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable            ☐  Additional pages attached

| | | |
|---|---|---|
| N/A | | |
| | | |

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**<u>CERTIFICATE OF INTEREST</u>**

**Case Number** 25-1628 & 25-1629

**Short Case Caption** Pantech Corporation v. OnePlus Technology (Shenzhen) Co

**Filing Party/Entity** OnePlus Technology (Shenzhen) Co., Ltd.

---

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

| | | |
|---|---|---|
| Leydig, Voit & Mayer, Ltd. | Wesley O. Mueller | James Sanner |
| | Michael J. Schubert | John K. Winn |
| | Robert T. Wittmann | |
| Mann, Tindel & Thompson | Gregory Blake Thompson | |
| | Andy Tindel | |
| The Mann Firm | James Mark Mann | |

**CONFIDENTIAL MATERIAL OMITTED**

No confidential information has been redacted from this motion. The only confidential information is contained in the redacted pages of the addendum.

Pursuant to Federal Circuit Rule 25.1(d)(3), Defendant-Appellant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") moves to waive the confidentiality requirements of Federal Circuit Rule 25.1(d)(1)(A) to permit OnePlus to redact a total of 307 unique words in its opening brief.

As explained in OnePlus's opening brief, Plaintiffs do not own four of the patents (the "challenged patents") asserted in this case. The actual owners licensed the patents to certain third parties. The licenses include provisions that limit the assignability of the challenged patents. Because Plaintiff-Cross-Appellant Pantech Corp. failed to comply with those provisions, the attempted assignments to Pantech Corp. are null and void.

The licenses are confidential and have not been made public. The district court entered a protective order limiting the disclosure of confidential information. Appxi. The licenses were produced in this case as a result of third-party subpoenas, and the producing parties designated the licenses as "Restricted – Attorneys' Eyes Only" under the protective order. Appx42685; Appx42784. Pursuant to the protective order, the district court granted the parties' motion to seal documents in which the licenses were discussed, including OnePlus's motion to dismiss

for lack of standing. The district court also redacted the language of the licenses from the public versions of its orders. Appx49568.

There is good cause for this motion. The anti-assignment provisions of the licenses are central to OnePlus's argument that Plaintiffs lack constitutional standing to assert the challenged patents. Plaintiffs opposed the motion to dismiss based on specific warrants and representations in the licenses. The district court's order denying OnePlus's motion to dismiss relied on specific language of those, and other, provisions in the licenses. Therefore, OnePlus's "argument cannot be properly developed without" discussing the language of the licenses. Fed. Cir. R. 25.1(d)(3)(A). Of the 307 words that OnePlus seeks to redact, 259 words are direct quotations of the disputed provisions of the licenses.

Another 33 words are a single quotation from a settlement agreement that Plaintiffs' damages expert relied upon. The quotation is necessary to demonstrate the error in the expert's proffered royalty rate. The remaining 15 words are related to the licenses and licensees.

The only information that OnePlus seeks to redact is either (a) information from the third-party licenses or (b) licensing and settlement

information designated confidential by Plaintiffs-Cross-Appellants. OnePlus does not seek to redact any of its own confidential information.

Plaintiffs-Cross-Appellants do not oppose this motion.

\* \* \* \* \*

For the foregoing reasons, OnePlus respectfully requests that the Court waive the confidentiality requirements of Federal Circuit Rule 25.1(d)(1)(A) and order that the redacted version of OnePlus's opening brief be accepted for filing as tendered.

Dated: August 8, 2025

/s/ *Richard L. Rainey*

Richard L. Rainey
Kevin B. Collins
Peter A. Swanson
Matthew Kudzin
Justin W. Burnam
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
rrainey@cov.com
kcollins@cov.com
pswanson@cov.com
mkudzin@cov.com
jburnam@cov.com

Brian Bieluch
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
(424) 332-4798
bbieluch@cov.com

Ruixue Ran
COVINGTON & BURLING LLP
2301 Tower C Yintai Centre
2 Jianguomenwai Avenue
Beijing, China 100022
+86 (10) 5910 0511
rran@cov.com

*Counsel for Defendant-Appellant*

4

# Addendum

# TABLE OF CONTENTS

Protective Order (11/17/2022) .............................................................. AppxI

DTX 005 (License Agreement) ................................................Appx042685

DTX 007 (Patent License) ......................................................Appx042784

Order Granting Docket Entry 361, Joint Motion to Redact
    the Court's August 14, 2024 Order (08/19/2024) ...............Appx049568

Excerpts from Transcript of Proceedings held on 10/15/24
    (Trial Transcript − Day 1) ...................................................Appx050668

Excerpts from Transcript of Proceedings held on 10/16/24
    (Trial Transcript − Day 2) ...................................................Appx050978

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

PANTECH CORPORATION and PANTECH §
WIRELESS, LLC, §
§
§
                    Plaintiffs, §
§
v. §          CIVIL ACTION NO.  5:22-CV-00069-RWS
§
ONEPLUS TECHNOLOGY (SHENZHEN) §
CO., LTD., §
§
§
                    Defendant. §
§

### PROTECTIVE ORDER

Plaintiffs Pantech Corporation and Pantech Wireless, LLC (collectively "Pantech" or "Plaintiffs") and Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus" or "Defendant"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information. The Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c). It is therefore

**ORDERED**, as stipulated by the Parties, that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

information or material as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is Protected Material.

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

AppxII

exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.   A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.   "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

   a.   outside counsel of record in this Action for the Parties;

   b.   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

Page **3**

AppxIII

c.  employees for each Party who are attorneys ("in-house counsel") who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

d.  up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

e.  outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or a prior or pending case between Pantech and a Third Party on the Asserted or Related Patents; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant or expert in order to allow that producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the

Page **4**

AppxIV

Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    f.   independent litigation support services, including persons working for or as court reporters, translators or interpreters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

    g.   any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

    h.   the Court, jury, and the Court's personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED

AppxV

MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED – CONFIDENTIAL SOURCE CODE."

9.   For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h). In the event that a Party has a reasonable need to share Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY with individuals listed in paragraph 5(c), the requesting Party shall identify with specificity the Protected Materials sought to be shared and the reasonable need therefore, and the parties agree to meet and confer regarding such request.

10.  At this time, the Parties do not believe that the production of source code will be necessary for the litigation of this Action. Should the production of source code become necessary, the Parties agree to promptly meet and confer regarding the additional restrictions to be applied to Protected Material designated RESTRICTED – CONFIDENTIAL SOURCE

AppxVI

CODE. If the Parties are unable to agree upon such additional restrictions, then the Parties shall submit their competing proposals to the Court within 7 days of the meet and confer. No Party will be required to produce source code until the additional restrictions have been ordered.

11.     Absent the written consent of the producing Party, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material of a technical nature (e.g. excluding documents that are related to the financial information of a party) that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED – CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  For sake of clarity, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's HIGHLY SENSITIVE MATERIAL, may participate,

AppxVII

supervise and assist in any and all proceedings before the U.S. Patent and Trademark Office, including without limitation *Inter Partes* Review (IPR) proceedings, even if they have received the other Party's HIGHLY SENSITIVE MATERIAL, provided that they do not participate or assist in any claim drafting or amendment of claims in such proceedings.

12.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.

AppxVIII

The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), and translators, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall

AppxIX

be applicable only during periods of examination or testimony regarding such Protected Material.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEY' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

AppxX

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such

AppxXI

Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. The foregoing requirements do not apply to DESIGNATED MATERIAL that has been archived on backup media or otherwise stored as difficult-to-access backup data according to a Receiving Party's normal or allowed processes.

23.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

AppxXII

party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 17th day of November, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

AppxXIII

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| PANTECH CORPORATION, PANTECH WIRELESS, LLC, | |
| *Plaintiffs*, | |
| v. | Case No. 5:22-cv-00069-RWS |
| | **JURY TRIAL DEMANDED** |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | |
| *Defendant*. | |

**APPENDIX A
UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order governing the Action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the actions any information designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE," that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

**For Experts or Consultants Only:**

6.      I have attached hereto a list disclosing (1) all parties who retained the expert for all current engagements, consulting or otherwise; (2) all parties who retained the expert for the last four years of testifying engagements; and (3) whether the expert has ever been retained by the other party in the Action.


I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

Pages redacted in their entirety

Appx042685–042767

Pages redacted in their entirety

Appx042784–042850

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 5:22-CV-00069-RWS |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | § § § | |
| Defendant. | § § § | |

**ORDER**

Before the Court is the parties' Joint Motion to Redact the Court's August 14, 2024 Order (Docket No. 360). Docket No. 361. The parties seek to redact information related to two categories: (1) information related to OnePlus's supply chain, and (2) information related to the identity of Pantech's licensee. *Id.* Having reviewed the proposed redactions word-by-word and line-by-line basis, the parties' arguments, and relying on the Court's previous reasoning in this case, the Court finds that the proposed redactions are limited to confidential information and that the public disclosure of such information would harm the parties. Accordingly, it is

**ORDERED** that the parties' Joint Motion to Redact the Court's August 14, 2024 Order (Docket No. 361) is **GRANTED.** Accordingly, Docket No. 361-1 is **ACCEPTED** as the public version of Docket No. 360.

**So ORDERED and SIGNED this 19th day of August, 2024.**

_Robert W Schroeder III_
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE EASTERN DISTRICT OF TEXAS

 3                           TEXARKANA DIVISION

 4   PANTECH CORPORATION AND       )(
     PANTECH WIRELESS, LLC,        )(   CIVIL ACTION NO.
 5        PLAINTIFFS,              )(   5:22-CV-69-RWS
                                   )(
 6   VS.                           )(   TEXARKANA, TEXAS
                                   )(
 7   ONEPLUS TECHNOLOGY (SHENZHEN) )(
     COMPANY LIMITED,              )(   OCTOBER 15, 2024
 8        DEFENDANT.               )(   8:28 A.M.

 9

10                      JURY TRIAL TRANSCRIPT

11        BEFORE THE HONORABLE ROBERT W. SCHROEDER III

12                  UNITED STATES DISTRICT JUDGE

13

14   FOR THE PLAINTIFFS:      Mr. James A. (Tripp) Fussell, III
                              Ms. Tiffany A. Miller
15                            Ms. Courtney Krawice
                              Mayer Brown, LLP
16                            1999 K Street, NW
                              Washington, DC 20006
17
                              Mr. Geoffrey P. Culbertson
18                            Mr. Kelly Tidwell
                              Patton Tidwell & Culbertson, LLP
19                            2800 Texas Boulevard
                              Texarkana, TX 75503
20
                              Mr. Graham (Gray) M. Buccigross
21                            Mayer Brown, LLP
                              Two Palo Alto Square
22                            3000 El Camino Real
                              Suite 300
23                            Palo Alto, CA 94306

24

25
```

```
 1  FOR THE DEFENDANT:        Mr. David M. Airan
                              Mr. Wesley O. Mueller
 2                            Mr. Paul J. Filbin
                              Mr. Christopher J. Gass
 3                            Mr. Michael J. Schubert
                              Mr. James W. Sanner
 4                            Leydig Voit & Mayer, Ltd.
                              Two Prudential Plaza
 5                            180 North Stetson
                              Suite 4900
 6                            Chicago, IL 60601

 7                            Mr. Kevin Collins
                              Mr. Justin Burnam
 8                            Mr. Matthew Kudzin
                              Covington & Burling LLP
 9                            One CityCenter
                              850 Tenth Street NW
10                            Washington, DC 20001

11                            Mr. G. Blake Thompson
                              Mann Tindel & Thompson
12                            112 E. Line Street
                              Suite 304
13                            Tyler, TX 75702

14
    COURT REPORTER:           Ms. Shelly Holmes, CSR, TCRR
15                            Official Court Reporter
                              Honorable Robert W. Schroeder III
16                            United States District Judge
                              Eastern District of Texas
17                            Texarkana Division
                              500 North State Line Avenue
18                            Texarkana, TX 75501
                              shelly_holmes@txed.uscourts.gov
19

20  (Proceedings recorded by mechanical stenography, transcript
    produced on a CAT system.)
21

22

23

24

25
```

Pages redacted in their entirety

Appx050906–050908

Appx050925–050928

1                          CERTIFICATION

2

3          I HEREBY CERTIFY that the foregoing is a true and

4    correct transcript from the stenographic notes of the

5    proceedings in the above-entitled matter to the best of my

6    ability.

7

8

9     /S/ Shelly Holmes_____             10/15/2024___
     SHELLY HOLMES, CSR, TCRR                Date
10   CERTIFIED SHORTHAND REPORTER
     State of Texas No.: 7804
11   Expiration Date: 10/31/2025

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              IN THE UNITED STATES DISTRICT COURT

2               FOR THE EASTERN DISTRICT OF TEXAS

3                      TEXARKANA DIVISION

4  PANTECH CORPORATION AND     )(
   PANTECH WIRELESS, LLC,       )(    CIVIL ACTION NO.
5       PLAINTIFFS,             )(    5:22-CV-69-RWS
                                )(
6  VS.                          )(    TEXARKANA, TEXAS
                                )(
7  ONEPLUS TECHNOLOGY (SHENZHEN))(
   COMPANY LIMITED,             )(    OCTOBER 16, 2024
8       DEFENDANT.              )(    8:37 A.M.

9

10                   JURY TRIAL TRANSCRIPT

11        BEFORE THE HONORABLE ROBERT W. SCHROEDER III

12               UNITED STATES DISTRICT JUDGE

13

14 FOR THE PLAINTIFFS:    Mr. James A. (Tripp) Fussell, III
                          Ms. Tiffany A. Miller
15                        Ms. Courtney Krawice
                          Mayer Brown, LLP
16                        1999 K Street, NW
                          Washington, DC 20006
17
                          Mr. Geoffrey P. Culbertson
18                        Mr. Kelly Tidwell
                          Patton Tidwell & Culbertson, LLP
19                        2800 Texas Boulevard
                          Texarkana, TX 75503
20
                          Mr. Graham (Gray) M. Buccigross
21                        Mayer Brown, LLP
                          Two Palo Alto Square
22                        3000 El Camino Real
                          Suite 300
23                        Palo Alto, CA 94306

24

25

```
 1   FOR THE DEFENDANT:        Mr. David M. Airan
                               Mr. Wesley O. Mueller
 2                             Mr. Paul J. Filbin
                               Mr. Christopher J. Gass
 3                             Mr. Michael J. Schubert
                               Mr. James W. Sanner
 4                             Leydig Voit & Mayer, Ltd.
                               Two Prudential Plaza
 5                             180 North Stetson
                               Suite 4900
 6                             Chicago, IL 60601

 7                             Mr. Kevin Collins
                               Mr. Justin Burnam
 8                             Mr. Matthew Kudzin
                               Covington & Burling LLP
 9                             One CityCenter
                               850 Tenth Street NW
10                             Washington, DC 20001

11                             Mr. G. Blake Thompson
                               Mann Tindel & Thompson
12                             112 E. Line Street
                               Suite 304
13                             Tyler, TX 75702

14
     COURT REPORTER:           Ms. Shelly Holmes, CSR, TCRR
15                             Official Court Reporter
                               Honorable Robert W. Schroeder III
16                             United States District Judge
                               Eastern District of Texas
17                             Texarkana Division
                               500 North State Line Avenue
18                             Texarkana, TX 75501
                               shelly_holmes@txed.uscourts.gov
19

20   (Proceedings recorded by mechanical stenography, transcript
     produced on a CAT system.)
21

22

23

24

25
```

Pages redacted in their entirety

Appx051079–051081

Appx051119–051123

Appx051166–051172

```
 1                      CERTIFICATION

 2

 3       I HEREBY CERTIFY that the foregoing is a true and

 4  correct transcript from the stenographic notes of the

 5  proceedings in the above-entitled matter to the best of my

 6  ability.

 7

 8

 9   /S/ Shelly Holmes                    10/16/2024
    SHELLY HOLMES, CSR, TCRR             Date
10  CERTIFIED SHORTHAND REPORTER
    State of Texas No.: 7804
11  Expiration Date: 10/31/2025

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

04:11:16

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and contains 423 words.

I certify that the motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the motion has been composed in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook font.

*/s/ Richard L. Rainey*
Richard L. Rainey
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
rrainey@cov.com

## CERTIFICATE OF CONFIDENTIAL MATERIAL

I certify that Defendant-Appellant OnePlus Technology (Shenzhen) Co., Ltd. has sought to mark zero unique words (including numbers) in this motion as confidential. The only confidential material is contained in the addendum, which is not subject to the requirements of Fed. Cir. R. 25.1(d)(1)(A). *See* Fed. Cir. R. 25.1(d)(D).

/s/ *Richard L. Rainey*
Richard L. Rainey
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202)
rrainey@cov.com